UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 19 CR 50016 |
| vs. | ) | |
| | ) | Judge Matthew F. Kennelly |
| FLOYD E. BROWN | ) | |

**UNITED STATES' RESPONSE TO MOTION TO QUASH TRIAL SUBPOENA FOR DRIANNA WRIGHT**

The UNITED STATES OF AMERICA, by JOHN R. LAUSCH, JR., United States Attorney for the Northern District of Illinois, respectfully submits the following response to the motion to quash trial subpoena for Drianna Wright (R. 258), in which Ms. Wright argues that this Court should quash her trial subpoena on the ground that she has a Fifth Amendment privilege against self-incrimination that would be violated by requiring her to testify. For the reasons explained below, Ms. Wright's motion should be denied.

The government does not intend to call Ms. Wright.[1] The government recognizes Ms. Wright's Fifth Amendment privilege against self-incrimination. At this point, the government believes that it is not appropriate to request immunity for Ms. Wright because requesting immunity for her is not necessary to the public interest. *See* 18 U.S.C. § 6003(b)(1). The government, however, does not know defendant's defenses or what evidence defendant may introduce during trial. The assessment of whether requesting immunity for Ms. Wright is necessary to the public interest may change during trial.

---

[1] Contrary to assertions made in Ms. Wright's motion, individuals with the Rockford Police Department, the Federal Bureau of Investigation and the United States Attorney's Office informed Ms. Wright of her rights, including her right to remain silent and her right to counsel, numerous times during interactions with Ms. Wright. Not once did Ms. Wright invoke her right to remain silent or request an attorney. Ms. Wright also voluntarily signed three different consent forms and never once asked to speak to an attorney before signing the forms.

Ms. Wright lives in central Illinois. The government served Ms. Wright with a trial subpoena well in advance of trial to ensure that Ms. Wright was available for the trial and had ample opportunity to confer with her attorney prior to trial. The government is not requesting that Ms. Wright travel to Rockford for the entirety of the trial. Rather, the government will notify Ms. Wright, through her counsel, if Ms. Wright's presence in Rockford will be necessary. But quashing Ms. Wright's subpoena now may cause undue delay if her presence becomes necessary.

For the reasons explained above, the government respectfully requests that the Court deny Ms. Wright's motion to quash trial subpoena.

Respectfully submitted,

JOHN R. LAUSCH, JR.
United States Attorney

BY:  /s/ Scott Paccagnini
SCOTT PACCAGNINI
TALIA BUCCI
RONALD DEWALD
Assistants United States Attorney
327 South Church Street, Suite 3300
Rockford, Illinois 61101
(815) 987-4444

## CERTIFICATE OF SERVICE

I, TALIA BUCCI, hereby certify that, on March 16, 2022, in accordance with Fed. R. Crim. P. 49, Fed. R. Civ. P. 5, N.D. Ill. Local Rule 5.5, and the General Order on Electronic Case Filing (ECF), the following document:

**UNITED STATES' RESPONSE TO MOTION TO QUASH TRIAL SUBPOENA FOR DRIANNA WRIGHT**

was served pursuant to the district court's ECF system as to all ECF filers.

                              Respectfully submitted,

By:        /s/ Scott Paccagnini
            SCOTT PACCAGNINI
            Assistant United States Attorney
            327 South Church Street, Suite 3300
            Rockford, Illinois 61101
            (815) 987-4451
            talia.bucci@usdoj.gov